INGEMANSON v. THORSON.

EASEMENTS—RIGHT OF WAY—LOCATION.

> In a suit to remove obstructions from a right of way, the finding of the court below that the right of way provided by defendants is located according to previous agreement with defendants' grantor, *held*, warranted by the proofs.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 11, 1929. (Docket No. 57, Calendar No. 34,276.) Decided June 3, 1929.

Bill by James Ingemanson against Peter Thorson and another to remove obstruction from right of way. From decree for defendants, plaintiff appeals. Affirmed.

*George H. Cross,* for plaintiff.

*Cross, Foote & Sessions,* for defendants.

SHARPE, J.   Plaintiff, in July, 1923, purchased from Carl E. Joelson a parcel of land having a frontage of 101 feet on the north shore of White Lake, in the county of Muskegon.   At that time Joelson also owned the land to the north thereof.   After a description of the property by metes and bounds, the deed contained the following:

"Together with a right of way 30 feet wide over the land immediately north thereof to the public highway now known as Lake Shore Drive."

In 1926, and after the record of plaintiff's deed, the defendants purchased from Joelson the land north of plaintiff's, and between it and the highway designated "Lake Shore Drive."   The question here involved is the location of this right of way.

Plaintiff erected a summer home on his property, and occupied it in 1924.   At the time of his purchase, an old barn stood across the west line of the lot north of plaintiff's and about 60 feet from it.   Plaintiff testified that this right of way "was to start from the northeast corner of the property that was conveyed by deed and run a northerly and westerly course up to the corner of the barn," and thence northerly to the highway.   Joelson, his grantor, testified that it was agreed that plaintiff "could drive wherever he thought most practical until such time as the barn was removed, then, I said, he could get a permanent right of way."   In answer to the question, "Was there anything said as to where the permanent right of way should be?" he answered:

"I don't remember exactly what was said, the words, but it was to be where the barn was, that was

the most practical point, that was to be sold and he would not have to go out of his way, and it would be along the west line, otherwise he would have to go east and back west again."

The plaintiff did some little work in fixing up a road, and used it until after defendants' purchase of the land to the north. The barn has been removed, and defendants insist that plaintiff must use a right of way along the side of defendants' lot which will pass over where the barn stood. To that end they have obstructed the road used by plaintiff, and prevented his use thereof. While the directions as stated are somewhat confusing, the line in dispute clearly appears.

The trial court, in an opinion filed by him, said:

"It seems to me that the logical place for a right of way is as claimed by the defendants, and that the proofs of the arrangement originally made warrants me so holding. In other words, that it was agreed that a permanent right of way would be provided after the barn was wrecked, being located as now claimed by the defendants. The defendants concede that they are willing to carry out the arrangement originally made, the barn having been wrecked, and that they are willing to and already have provided for a 30-foot right of way for the use of the plaintiffs, running in a straight line from plaintiffs' property to Lake Shore Drive, such right of way being the westerly 30 feet of so much of defendants' property as lies northerly of the property of the plaintiffs."

In our opinion, this finding was warranted by the proofs submitted, and the decree dismissing plaintiff's bill of complaint, entered pursuant thereto, is affirmed, with costs to appellees.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.